UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| REMUDA JET ONE, LLC, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 09-12029-LTS |
| CESSNA AIRCRAFT CO., | ) | |
| Defendant. | ) | |

ORDER ON PLAINTIFF'S MOTION TO AMEND
AND PENDING DISCOVERY MOTION.

May 24, 2011

SOROKIN, M.J.

Pending and ripe are: (1) the Plaintiffs' Motion to Amend the Complaint (Docket # 30); (2) the Plaintiffs' Motion to Compel Discovery (Docket # 31); (3) the Defendant's Motion to Compel Discovery (Docket # 39); and (4) the Defendant's Motion for Protective Order (Docket # 38).

**Motion to Amend**

The Motion to Amend is DENIED. The June 15, 2010 deadline for amending the pleadings established in the scheduling order long ago passed. Upon the cusp of that deadline, Plaintiffs amended the complaint. Thereafter, the Court revised the governing schedule in response to the parties' joint request (#23-1 and electronic order dated July 13, 2010), however, no change was sought or made in the June 15, 2010 deadline for amending the pleadings. Both

1

at the time Plaintiffs filed their complaint and when they corrected on June 14, 2010, they were well aware of the frozen aileron issue. Moreover, paper discovery (with the possible exception of some additional discovery regarding defendant's alternative damage theory) is now largely complete. Plaintiffs have failed to establish "good cause" for amending the complaint at this late date. Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir.2004) (establishing "good cause" standard after Rule 16 scheduling order in place and citing O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154-155 (1st Cir.2004)). In addition, the proposed claims are futile.

Defendant's Motion to Compel Discovery

The Motion to Compel (Docket # 39) is ALLOWED regarding Document Request Numbers 22 (except that in this request "your" does not include individual members of the LLCs, but only the LLCs themselves)[1], 24 (with a discovery end date of December 31, 2009), and 25 (with a discovery end date of December 31, 2009). Document Request Number 2 is DENIED WITHOUT PREJUDICE. The request is too broad and plaintiffs represent they have turned over many documents. The Motion is otherwise DENIED including with respect to Interrogatory 6.

Plaintiffs' Motion to Compel Discovery

The Motion is DENIED regarding Document Request No. 9 as Defendant represents it has already produced all of the responsive non-privileged documents after conducting a search of the documents in Defendant's possession, custody or control. Nonetheless, Defendant shall make a reasonable effort to re-produce the discovery in a "searchable" format.

The Motion is DENIED regarding Document Request No. 10, 11, 15 & 16, 18 & 19.

---

[1] If individual members are, pursuant to the purchase contracts, liable to Cessna for the purchase price of one or more planes, then Cessna may renew its motion as to this aspect of the request.

These requests, in a case arising out of a request for assurance regarding frozen ailerons, are overly broad. In addition, the request is to some extent moot as to the support documents in light of the sale of CESCOM several years ago.

The Motion is ALLOWED regarding Request No. 17 insofar as documents relating to problems with the manual or automatic flight control systems in S/N 26 or repairs thereto, but DENIED regarding any settlement negotiations or agreements between the owner and Cessna.

The Motion is ALLOWED regarding Request No. 22 regarding frozen ailerons and otherwise DENIED.

The Motion is DENIED WITHOUT PREJUDICE regarding Request Number 23. The request misses the mark in light of the response (that Defendant had not yet identified specific airplanes for Plaintiffs), however, the counterclaim for damages does entitle Plaintiffs to reasonable discovery into this topic.

The Motion is ALLOWED regarding Request Number 27 and 29 and 31.

The Motion is DENIED regarding Request Numbers 32 and 33 and 35.

The Motion is DENIED regarding Request Number 28 & 30..

The Motion is DENIED regarding Request Number 24 as the request is overly broad.

The Motion is DENIED regarding Request Number 34.

The Motion is DENIED regarding Request Numbers 39, 40, 41, 42, 43, 44, 45, 48, 49, 51, 52.

The Motion is DENIED WITHOUT PREJUDICE regarding Request Numbers 36, 37, 38, 46 & 47. These requests are overly broad, however, Plaintiffs maybe entitled to focused discovery of these topics.

The Motion is DENIED regarding Interrogatories 1, 5, 19.

The Interrogatory is ALLOWED regarding Interrogatory Number 2 to the extent of identifying those individuals at Cessna who engaged in communications with Plaintiffs.

<u>Defendant's Motion for Protective Order</u>

The Motion for Protective Order (#38) is ALLOWED regarding Topic 18, 24, 26, 27, 30, 31. Regarding Topic 23, the Motion is DENIED regarding the topic of when in the production process Mustangs are assigned to specific customers and the topic of production scheduling. The Motion is otherwise ALLOWED regarding Topic 23.

## CONCLUSION

The Motion to Amend (Docket #30) is DENIED.

The Motion to Compel (Docket #39) is ALLOWED IN PART AND DENIED IN PART.

The Motion to Compel (Docket #31) is ALLOWED IN PART AND DENIED IN PART.

The Motion to Seal (Docket #35) is ALLOWED.

The Motion for Protective Order (Docket #38) is ALLOWED IN PART AND DENIED IN PART.

SO ORDERED.

    /s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE