UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| REMUDA JET ONE, LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 09-12029-LTS |
| CESSNA AIRCRAFT CO., | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON DEFENDANT'S MOTION TO COMPEL

December 1, 2011

SOROKIN, M.J.

Defendant's Motion to Compel (Docket #66) is ALLOWED IN PART AND DENIED IN PART. In light of Greenspun's role and knowledge a two day deposition is reasonable, accordingly, the Motion is ALLOWED insofar as Defendant seeks a second day of deposition of Greenspun. Insofar as Defendant seeks leave to take a Rule 30(b)(6) deposition after the close of fact discovery (or alternatively to extend fact discovery to permit such a deposition), the Motion is DENIED.[1] Defendant has failed to give adequate justification for noticing the Rule 30(b)(6) deposition of Plaintiffs after the fact discovery deadline.

In addition, Defendant seeks to compel testimony from Greenspun regarding two separate

---

[1] Plaintiffs also offer thirty minutes of further deposition of Wihl and Cooper regarding post-deposition documents disclosed by Plaintiffs. That particular issue is not the subject of the motion, accordingly, the Court leaves its resolution to the parties.

1

conversations he had, one with Wihl and one with Cooper, regarding Greenspun's, Cooper's, and Wihl's depositions. On advice of counsel, Greenspun did not answer the questions. Plaintiffs contend that the work product doctrine and the common interest doctrine shield the conversations from discovery.

Plaintiffs bear the burden of establishing the applicability of either the work product doctrine or the common-interest doctrine. FDIC v. Ogden Corp., 202 F.3d 454, 460 (1st Cir. 2000); Jones v. Secord, No. 11-91101-PBS, 2011 U.S. Dist. Lexis 63486, at *6-7 (D. Mass. June 15, 2011). For the work product doctrine to apply, Plaintiffs must establish, at a minimum, that, during the relevant conversation, Greenspun, and either Wihl or Cooper discussed information prepared by counsel for this litigation, see United States ex. Rel. (Redacted) v. (Redacted), 209 F.R.D. 475, 478 (D. Utah 2001), i.e., that the deposition inquiry would involve discovery of the lawyer's mental impressions. Hickman v. Taylor, 329 U.S. 495, 510 (1947). Plaintiffs have offered no evidence that either conversation involved work product protected material and the basic facts of the conversation as revealed in the deposition transcript do not support the inference that the conversation(s) concerned work product protected material.

Plaintiffs also invoke the common-interest doctrine.

> The common-interest doctrine is typically understood to apply when two or more clients consult or retain an attorney on particular matters of common interest. In such a situation, the communications between each of them and the attorney are privileged against third parties. Similarly, the privilege applies to communications made by the client or the client's lawyer to a lawyer representing another in a matter of common interest. . . The common-interest doctrine . . . is not an independent basis for privilege, but an exception to the general rule that the attorney-client privilege is waived when privileged information is disclosed to a third party.

Cavallaro v. United States, 284 F.3d 236, 249-50 (1st Cir. 2002) (quotations omitted). Because Plaintiffs have not established in the first instance that Greenspun, Wihl, and/or Cooper shared

attorney-client privileged information, Plaintiffs cannot assert that the subject conversation(s) are subject to the protection of the common-interest doctrine.  Accordingly, the Motion to Compel is ALLOWED regarding the conversations at which the depositions were discussed.

SO ORDERED.

    /s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE